**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-7159**

─────────────

DAVID PAUL BICKFORD,

        Petitioner - Appellant,

    v.

DIRECTOR OF PATUXENT INSTITUTION,

        Respondent - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge.  (1:21-cv-01561-GLR)

─────────────

Submitted:  February 14, 2025                    Decided:  June 20, 2025

─────────────

Before RICHARDSON, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

David Paul Bickford, Appellant Pro Se.  Jer Welter, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Paul Bickford has noted an appeal from the district court's order denying relief on his 28 U.S.C. § 2254 petition raising six claims. The district court granted a certificate of appealability on Bickford's claim that trial counsel rendered ineffective assistance in failing to object to the trial court's comments at sentencing suggesting it was departing from the state sentencing guidelines based on Bickford's decision to stand trial rather than plead guilty.

To appeal the denial of a § 2254 petition, a petitioner must obtain a certificate of appealability from a circuit justice or judge. 28 U.S.C. § 2253(c)(1)(A). For claims on which a certificate of appealability has been granted, we review the denial of habeas relief de novo. *Owens v. Stirling*, 967 F.3d 396, 410 (4th Cir. 2020). We conclude after review of the record and the parties' briefs that the state postconviction court's denial of relief on Bickford's ineffective assistance claim based on counsel's failure to object to the trial court's comments at sentencing did not involve an unreasonable application of the Supreme Court's clearly established precedent. *See id.* at 410-12 (setting forth standards governing review of claim state postconviction court rejected on merits and review of claim for ineffective assistance of counsel). We thus affirm in part.

Turning to Bickford's other habeas claims, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17

2

(2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Bickford has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the remainder of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART*,
*DISMISSED IN PART*

3